THE FIRST NATIONAL BANK OF BALLSTON SPA, Appellant, *v.* THE PRESIDENT, ETC., OF THE INSURANCE COMPANY OF NORTH AMERICA, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

Possession of insured property by the sheriff, taken through a levy under execution against the insured, will not absolve the latter from a warranty in his policy that he will keep a watchman in the premises at night.

And where the property insured was a mill, and the warranty was to keep a watchman in the mill, or on the premises, during the night,—*Held*, that it was not satisfied by the presence of the sheriff, who did not undertake the duty of watchman, during the night in an office two rods away from the mill, although he twice in that time entered and examined it.

THIS is an appeal from a judgment entered upon a nonsuit at the Saratoga May circuit, 1870, held by Mr. Justice JAMES.

The action was brought upon a policy of insurance issued by the defendant upon a paper mill. The execution of the policy and the loss were admitted by the insurer as well as proven on the trial. The point presented by the appeal is sufficiently stated in the opinion.

*W. A. Beach,* for the appellant.

*A. J. Parker,* for the respondent.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

MILLER, P. J.   The motion for a nonsuit upon the trial of this action was properly granted.   It was made on several grounds, but was granted for the sole reason that the warranty as to keeping a watchman on the premises insured had not been fulfilled.   The insured was required by the warranty to keep a watchman in the mill or on the premises during the night and at all times when the mill was not in operation or when the workmen were not present.   It appeared upon the trial that the sheriff had levied upon the personal property insured, which was then in the mill, by virtue of several executions, the afternoon preceding the fire, and took the keys.   He locked up the mill about seven o'clock, went in at eight and again at eleven, and looked about, returned to the office (a separate building about two rods from the mill), and did not go there again that night. About four o'clock the next morning the mill was discovered to be on fire, and with its contents was destroyed.   The officer was advised to stay there himself all night, and did stay, but did not agree to act as a watchman.   In fact, he was some two rods from the mill, and I think it cannot be claimed that he acted as a watchman within the terms, scope and meaning of the warranty.   The watchman was required to be "in the mill or on the premises," which means, I think, the premises insured.   It was not enough that the officer remained two rods off, leaving the fires burning in five stoves, with no watchman to guard them or protect the mill.   The evidence shows that the head-quarters of the watchman had previously been in the boiler house and in the mill.   The condition would be of no avail if the watchman was not where he could at all times see and have access to every part of the mill.

But the sheriff did not perform, and did not assume, in any way, to act as a watchman.   He was not in the mill after eleven o'clock, and he laid down and dozed in a building some distance off until the fire broke out.   He was in no sense a watchman within the terms of the policy.   It is claimed by plaintiff's counsel that the warranty ceased to be

operative when the law took possession of the property, and thereby the insured became absolved from the duty of maintaining a watchman. The authorities cited to maintain this position do not go to the extent claimed by the counsel for the plaintiff. *Niblo* v. *Brasee* (44 Barb., 54), which is relied upon, was reversed in the Court of Appeals (1 Keyes, 476), and does not sustain the position contended for.

*The People* v. *Bartlett* (3 Hill, 570), was an action on a recognizance where the party had been arrested and was thus prevented from complying with its condition. The decision sustains the general principle that where performance of a bond is rendered impossible by the act of God, or the law, or of the obligee, the default is excused. It can scarcely be claimed, I think, in the case at bar, that the insured was prevented from fulfilling the warranty on any of the grounds stated.

In *Jones* v. *Judd* (4 N. Y., 411), the plaintiffs were stopped in the prosecution and fulfillment of their contract by the authority of the State officers, and it was held that the plaintiffs were excused. The court was equally divided, and the judgment of the Supreme Court was therefore affirmed.

The insured in this case was not within the principle of either of the cases cited. There could have been no difficulty, although a levy had been made, in continuing the watchman as had been done previously. The levy did not entirely deprive the insured of their rights, as they still held title to the property subject to the executions, and was not an act of the law which, of itself, necessarily and absolutely prevented a fulfillment of the warranty within any principle of law.

As the judge was clearly right in granting a nonsuit upon the ground discussed, it is not necessary to consider the other points made.

The judgment must be affirmed with costs.

Judgment affirmed.